UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| North Texas Patent Group, Inc., <br><br> Relator, <br><br> v. <br><br> Blackboard, Inc., <br><br> Defendant. | **JURY TRIAL DEMANDED** <br><br> Case No. 1:10-cv-6161 |

## COMPLAINT FOR FALSE MARKING

*Qui tam* relator North Texas Patent Group, Inc. ("NTPG"), for its Complaint against Defendant Blackboard, Inc. ("Defendant"), alleges, based on its own personal knowledge with respect to its own actions and based upon information and belief with respect to all others' actions, as follows:

1. This is an action for false patent marking under Title 35, Section 292, of the United States Code.

2. Defendant has violated 35 U.S.C. § 292(a) by marking unpatented articles with the purpose of deceiving the public. More specifically, Defendant has, with the purpose of deceiving the public:

   (i) marked and/or advertised products with a patent that has been found to be invalid and, therefore, does not and cannot cover the marked products; and

   (ii) used in advertising in connection with unpatented products the word "patent" and/or any word or number importing that the product is patented.

- 2 -

3. The marking and false marking statutes exist to give the public notice of patent rights. Congress intended the public to rely on marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design. Federal patent policy recognizes an important public interest in permitting full and free competition in the use of ideas which are, in reality, a part of the public domain.

4. False patent marking is a serious problem. Acts of false marking deter innovation and stifle competition in the marketplace. If an article that is within the public domain is falsely marked, potential competitors may be dissuaded from entering the same market. False marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement. False marking can cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete. Furthermore, false marking misleads the public into believing that a patentee controls the article in question (as well as like articles), externalizes the risk of error in the determination, placing it on the public rather than the manufacturer or seller of the article, and increases the cost to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in an article. In each instance where it is represented that an article is patented, a member of the public desiring to participate in the market for the marked article must incur the cost of determining whether the involved patents are valid and enforceable. Failure to take on the costs of a reasonably competent search for information necessary to interpret each patent, investigation into prior art and other information bearing on the quality of the patents, and analysis thereof can result in a finding of willful infringement, which may treble the damages an infringer would otherwise have to pay. False markings may also create a misleading impression that the falsely

marked product is technologically superior to previously available ones, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

5. The false marking statute explicitly permits *qui tam* actions. By permitting members of the public to sue on behalf of the government, Congress allowed individuals to help control false marking.

6. NTPG, on its own behalf and on behalf of the United States, seeks an award of monetary damages of not more than $500 for each of Defendant's violations of 35 U.S.C. § 292(a), one-half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

## THE PARTIES

7. NTPG is a Texas corporation with its principal place of business at 4223 Buena Vista Street, Suite 4, Dallas, Texas 75205.

8. NTPG exists to conduct all lawful business, including but not limited to enforcing the false marking statute.

9. NTPG represents the United States and the public, including Defendant's existing and future competitors.

10. Defendant is a Delaware corporation with its principal place of business at 6500 Massachusetts Avenue, N.W., Washington, D.C. 20001.

11. Defendant regularly conducts and transacts business in Illinois, throughout the United States, and within the Northern District of Illinois, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units. Defendant can be served with process through any of its agents including officers or directors or its registered agent.

**JURISDICTION AND VENUE**

12. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. This Court has personal jurisdiction over Defendant. Defendant has conducted and does conduct business within the State of Illinois. Defendant, directly or through subsidiaries or intermediaries, offers for sale, sells, marks and/or advertises the products and services that are the subject of this Complaint in the United States, the State of Illinois, and the Northern District of Illinois.

14. Defendant has voluntarily sold and distributed the products that are the subject of this Complaint in this District, either directly to customers in this District or through intermediaries with the expectation that the products will be sold and distributed to customers in this District. These products have been and continue to be purchased and used by consumers in the Northern District of Illinois. Defendant has committed acts of false marking within the State of Illinois and, more particularly, within the Northern District of Illinois.

15. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1395(a), because (i) Defendant's products and services that are the subject matter of this cause of action are advertised, marked, offered for sale, and/or sold in this District; (ii) a substantial part of the events or omissions giving rise to the claim occurred in this District; and (iii) Defendant is subject to personal jurisdiction in this District, as described above.

16. NTPG brings this action under 35 U.S.C. § 292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

**FACTS**

17. NTPG incorporates by reference the foregoing paragraphs as if fully set forth herein.

18. Defendant is a large, sophisticated, publicly-traded company with in excess of 1,000 employees.

19. Defendant has, or regularly retains, sophisticated legal counsel and patent counsel.

20. Defendant has significant experience applying for patents, obtaining patents, and litigating patent infringement lawsuits.

21. Defendant knows that a patent found invalid or unenforceable does not cover any product.

22. Each false marking on the products identified in this Complaint is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

23. Defendant's false marking of its products has wrongfully quelled competition with respect to such products thereby causing harm to NTPG, the United States, and the public.

24. Defendant has wrongfully and illegally advertised patent monopolies which it does not possess and, as a result, has benefited by maintaining a substantial market share with respect to the products referenced in this Complaint.

25. United States Patent No. 6,988,138 (the "'138 patent"), titled *Internet-based Education Support System and Methods*", was issued by the United States Patent and Trademark Office ("USPTO") on January 17, 2006 and all independent claims were held invalid as

indefinite or anticipated by the United States Court of Appeals for the Federal Circuit on July 27, 2009. (*See* Ex. A.)

26. Because the '138 patent was found to be invalid, anything covered by the claims of the '138 patent is no longer protected by the patent laws of the United States.

27. Despite the fact that the claims of the '138 patent are no longer afforded patent protection, Defendant marks (or causes to be marked) and advertises its products, including its Blackboard AttendancePro, Blackboard Learn and Blackboard Mobile product lines, with the '138 patent following the date on which it was found to be invalid. (*See, e.g.,* Ex. B, C and D.)

28. Defendant knows that the claims of the '138 patent do not and cannot cover its products.

29. Alternatively, because all monopoly rights in the '138 patent have terminated, Defendant cannot have any reasonable belief that its products are covered by the '138 patent.

30. Defendant intended to and has deceive the public by marking (or causing to be marked) its products with the invalid '138 patent.

31. Defendant intended to and has deceived the public by falsely marking (or causing to be marked) and falsely advertising the patent protection status of its products.

### COUNT I
### (FALSE MARKING WITH INVALID PATENT)

32. NTPG incorporates the foregoing paragraphs by reference as if fully set forth herein.

33. Defendant falsely marked its products with the '138 patent, which has been found to be invalid and, therefore, cannot cover any products.

34. Defendant knew or reasonably should have known that marking its products with the '138 patent after the patent was found invalid, is in violation of 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

35. Defendant intended to deceive the public by marking its products with the '138 patent after the patent was found invalid.

36. Defendant's actions are in violation of 35 U.S.C. § 292.

### COUNT II
### (FALSE ADVERTISING)

37. NTPG incorporates the foregoing paragraphs by reference as if fully set forth herein.

38. Defendant falsely advertised its products with an invalid patent number.

39. Defendant knew or reasonably should have known that falsely advertising its products with such language is in violation of 35 U.S.C. § 292.

40. Defendant intended to deceive the public by marking its products with such language.

41. Defendant's actions are in violation of 35 U.S.C. § 292.

### PRAYER FOR RELIEF

NTPG requests the Court, pursuant to 35 U.S.C. § 292, to:

A. Enter judgment against Defendant and in favor of NTPG for the violations alleged in this Complaint;

B. Enter an injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from violating 35 U.S.C. § 292;

C. Order Defendant to pay a civil monetary fine of up to $500 per false marking "offense," one-half of which shall be paid to the United States and one-half of which shall be paid to NTPG;

- 8 -

    D.      Enter a judgment and order requiring each Defendant to pay NTPG prejudgment and post-judgment interest on the damages awarded;

    E.      Order Defendant to pay NTPG's costs and attorney fees; and

    F.      Grant NTPG such other and further relief as it may deem just and equitable.

## JURY DEMAND

NTPG, pursuant to Federal Rule of Civil Procedure 38(b), hereby demands a trial by jury on all issues so triable.

Dated: September 25, 2010

Respectfully submitted,

By: /s/ Micah S. Hamstra
Micah S. Hamstra
Hamstra Law Group
650 W. Lake St.
Suite 310
Chicago, IL 60661
(312) 224-8299
mhamstra@hamstralaw.com

*Of Counsel:*
Michael C. Zweber
Zweber P.C.
4223 Buena Vista St., Suite 4
Dallas, Texas 75205
Telephone: 214-507-0508
Facsimile: 214-507-0508
mzweber@zweberlaw.com

**ATTORNEYS FOR RELATOR NORTH TEXAS PATENT GROUP, INC.**