**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **NORTH TEXAS PATENT GROUP, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10 C 6161 |
| ) | |
| **BLACKBOARD, INC.,** ) | |
| ) | |
| Defendant. ) | |

**CORRECTED
MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

*Qui tam* relator North Texas Patent Group, Inc. (NTPG) has sued Blackboard, Inc. for falsely marking course management software in violation of the patent false marking statute, 35 U.S.C. § 292. Blackboard has moved to dismiss NTPG's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants the motion.

**Facts**

The Court takes the following facts from the allegations in NTPG's first amended complaint. The Court accepts the allegations in the first amended complaint as true for purposes of the motion to dismiss. *See Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The Court also takes judicial notice of the Federal Circuit's decision in a related case, *Blackboard, Inc. v. Desire2Learn Inc.*, 574 F.3d 1371, 1373 (Fed. Cir. 2009). *See Palay v. United States*, 349 F.3d 418, 425 n. 5 (7th Cir. 2003) ("[I]n resolving a motion to dismiss, [a] district court is entitled to

take judicial notice of matters in the public record.").

NTPG's claims concern United States patent number 6,988,138 (the '138 patent), which contains forty-four claims relating to course management software. Claims 1-35 are system claims, and claims 36-44 are method claims. NTPG alleges that the United States Patent and Trademark Office (PTO) issued the patent on January 17, 2006. The patent listed Blackboard as the patent's assignee. *See* Am. Compl., Ex. A. NTPG alleges that Blackboard subsequently falsely marked software product lines including Blackboard AttendancePro, Blackboard Learn and Blackboard Mobile with the patent with the intent to deceive the public.

In July 2006, Blackboard sued Desire2Learn Inc., alleging infringement of the '138 patent. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss, Ex. A. The trial court found claims 1-35 of the patent invalid for indefiniteness. At a trial held in February 2008, however, a jury found that claims 36-38 were infringed by Desire2Learn and were not invalid.

In December 2006, while the infringement suit was pending, Desire2Learn instituted an *inter partes* reexamination proceeding before the PTO. In an office action dated March 25, 2008 – after the jury trial on the infringement suit – an examiner found all forty-four claims of the '138 patent invalid as anticipated or obvious in light of the prior art. *See id.*, Ex. C.

In May 2008, the trial court in the infringement suit entered final judgment, confirming the jury's infringement and validity determinations regarding claims 36-38. After Desire2Learn appealed, Blackboard petitioned the Director of the PTO to terminate the *inter partes* reexamination proceeding, relying on a statute that prohibits

the PTO from maintaining an *inter partes* reexamination if a court has entered a final decision affirming validity against a party seeking reexamination on invalidity grounds. *See* 35 U.S.C. § 317(b). In November 2008, after the Director denied Blackboard's petition, Blackboard filed suit seeking to enjoin the maintenance of the reexamination proceeding. *See* Pl.'s Resp to Def.'s Mot. to Dismiss, Ex. B. Blackboard voluntarily dismissed the suit in late December 2008.

In the interim, after Desire2Learn appealed the trial court's judgment in the infringement suit, it sought a stay of the injunction, based in part on the PTO's office action. The Federal Circuit declined to stay the case. *See* Def.'s Reply Mem. at 6-7 (citing docket entries).

When, however, the Federal Circuit considered the case on its merits, it affirmed the trial court's invalidity decision regarding claims 1-35 but reversed the finding in Blackboard's favor on claims 36-38. *Blackboard, Inc. v. Desire2Learn Inc.*, 574 F.3d 1381, 1379 (Fed. Cir. 2009). The court held those claims invalid as anticipated by the manuals of two software systems, CourseInfo 1.5 and Serf. *Id.* at 1379-82. The Federal Circuit did not address the validity of the '138 patent's remaining claims (claims 39-44).

In its response to the motion to dismiss, NTPG states that in November 2010 (after this suit was filed), the PTO cancelled all claims of the '138 patent. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss at 2. It appears that this represented the conclusion of the reexamination proceeding. *Cf.* Def.'s Reply Mem. at 8 (referring to the PTO's "November 9, 2010 issuance of the reexamination certificate"). NTPG contends that

Blackboard has nonetheless continued to mark its products with the patent. *Id.*
NTPG's complaint, however, makes no reference to either the cancellation or the alleged subsequent false marking. The Court thus does not consider in this decision any claim that NTPG might bring based on the November 2010 cancellation of the patent. The Court also notes that NTPG does not appear to contend that the PTO's March 2008 office action in the reexamination proceeding constituted any sort of final action that invalidated the patent in its entirety.

In its amended complaint in the present false marking case, NTPG alleges that NTPG alleges that "[c]laims 39-44 cannot cover any product, including Defendant's products, as they are method claims." First Am. Compl. ¶ 36. NTPG also asserts that claims 39-44 are invalid due to anticipation, obviousness, and indefiniteness, and that several of the claims do not cover the allegedly marked products because they require the performance of tasks by an instructor. Blackboard disputes these contentions.

## Discussion

**I.    Motion to dismiss**

Blackboard has moved to dismiss the first amended complaint for failure to state a claim. "A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a). Rule 8(a) imposes three requirements:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

4

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Claims under the false marking statute are also subject to the particularized pleading requirements of Federal Rule of Civil Procedure 9(b). *In re BP Lubricants USA Inc.*, --- F.3d ---, 2011 WL 873147, at *2 (Fed. Cir. Mar. 15, 2011). The Federal Circuit has held that Rule 9(b) requires a plaintiff in a false marking case to "'allege sufficient underlying facts from which a court may reasonably infer that [the defendant] acted with the requisite state of mind.'" *Id.* at *3 (quoting *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009)).

> The false marking statute provides, in relevant part:
>
> Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public; . . . [s]hall be fined not more than $500 for every such offense.

35 U.S.C. § 292(a). "The two elements of a § 292 false marking claim are (1) marking an unpatented article and (2) intent to deceive the public." *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009) (citing *Clontech Labs. Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005)). "When the statute refers to an 'unpatented article' the statute means that the article in question is not covered by at least one claim of each patent with which the article is marked." *Juniper Networks, Inc. v. Shipley*, --- F.3d ---, 2011 WL 1601995, at *4 (Fed. Cir. Apr. 29, 2011) (quoting *Clontech Labs. Inc.*, 406 F.3d at 1352) (internal quotation marks omitted).

Blackboard concedes that claims 1-38 of the patent have been ruled invalid but contends that NTPG has failed to adequately allege that the patent's remaining claims are invalid or do not cover the marked products. NTPG counters with two arguments. First, NTPG asserts that, as a matter of law, "[c]laims 39-44 cannot cover any product .

. . as they are method claims." First Am. Compl. ¶ 36.  Second, NTPG asserts that claims 39-44 are invalid due to anticipation, obviousness, and indefiniteness, and that several of the claims do not cover the allegedly marked products because they require the performance of tasks by an instructor.

The Court begins with NTPG's contention that, as a matter of law, method claims cannot cover any product.  The Supreme Court addressed a related issue in *Quanta Computer, Inc. v. LG Electronics, Inc.*, 553 U.S. 617 (2008).  In that case, the Supreme Court considered the application of the patent exhaustion doctrine to the sale of a set of computer components that had to be combined with additional components in order to practice the patented methods.  *Id.* at 621.  The Court held that the sale of the component parts exhausted the method patents.  *Id.* at 628-29.  It reasoned:  "It is true that a patented method may not be sold in the same way as an article or device, but methods nonetheless may be 'embodied' in a product, the sale of which exhausts patent rights."  *Id.* at 629.

At least one district court has applied the holding in *Quanta Computers* to the patent false marketing statute.  *See Harrington v. CIBA Vision Corp.*, No. 08 C 0251, 2010 WL 2889584 (W.D.N.C. July 21, 2010).  In *Harrington*, a district court held that a plaintiff had failed to prove that a disinfecting solution marked with a method patent relating to the disinfection of soft contact lenses constituted an "unpatented item" for purposes of section 292(a).  *Id.* at *4-5.  The court reasoned that the marked item "embodied" the patented method, and that "[a]n item cannot be a 'patented item' for purposes of the patent exhaustion doctrine and an 'unpatented article' for purposes of §

292." *Id.* The Court finds *Harrington* persuasive and concludes that NTPG cannot state a claim against Blackboard merely by asserting that claims 39-44 of the '138 patent are method claims.

NTPG cites no convincing authority to the contrary. It relies on *Clontech Laboratories, Inc. v. Invitrogen Corp.*, 406 F.3d 1347 (2005), but points to no language in *Clontech* that contradicts the analysis in *Harrington*. *Clontech* is inapposite. Indeed, the defendant in that case conceded that its marked products fell outside the scope of any valid patent claim. *Id.* at 1355-57. Blackboard also cites a law review article that predates *Quanta Computer* and provides little analysis on the matter at issue. *See* Elizabeth I. Winston, *The Flawed Nature of the False Marking Statute*, 112 Tenn. L. Rev. 111, 128 (2010). These citations do not persuade this Court that the analysis in *Harrington* is flawed.

The Court turns next to NTPG's contention that Blackboard engaged in false marking because claims 39-44 are invalid and also because several of the claims do not cover the products in question. Specifically, NTPG contends that claims 39-44 of the patent are invalid as anticipated or obvious by CourseInfo 1.5, First Am. Compl. ¶¶ 30, 39, 41; claims 43-44 of the '138 patent are invalid as indefinite, *id.* ¶ 38; and Blackboard's marked products "do not and cannot practice claims 39-42" because those claims "require that an 'instructor' take action to perform the step of the claimed method," *id.* ¶ 37. NTPG acknowledges that the Federal Circuit did not address the validity of claims 39-44 but argues that the court's reasoning invalidating claims 1-38 also applied to those claims. *Id.* ¶¶ 40-41.

7

Blackboard counters that the presumption of validity that attaches to patents prior to their invalidation by a court defeats NTPG's claims as a matter of law. This Court agrees. "By direction of 35 U.S.C. § 282, an issued patent is presumed valid." *KSR Intern. Co. v. Teleflex Inc.*, 550 U.S. 398, 412 (2007). Section 282 states:

> Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim.

35 U.S.C. § 282; *see also Apple Computer, Inc. v. Articulate Systems, Inc.*, 234 F.3d 14, 24 (Fed. Cir. 2000); *Lannom Mfg. Co., Inc. v. U.S. Intern. Trade Comm'n*, 799 F.2d 1572, 1578-79 (Fed. Cir. 1986) (recognizing that "a patent is 'born valid' when it is granted by the Patent and Trademark Office") (citations omitted). NTPG does not allege that any court had held claims 39-44 invalid at the time Blackboard marked the products.

NTPG replies that the presumption of validity that attaches to a patent issued by the PTO may be overcome. *See, e.g.*, *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1549 (Fed. Cir. 1983) (recognizing that "[t]he patent challenger may indeed prove facts capable of overcoming the presumption[.]"). It also contends that the validity of a patent is ultimately a question of fact inappropriate for decision at the motion to dismiss stage. The validity of a patent "need not be re-established," however, unless its validity is challenged in a patent infringement litigation. *See Lannom Mfg. Co.*, 799 F.2d at 1579. Instead, a patent "remains valid until a challenger proves it [is invalid], or it is no longer viable as an enforceable right." *Roper Corp. v. Litton Sys., Inc.*, 757 F.2d 1266, 1270 (Fed. Cir. 1985).

At the time of the false marking currently alleged by NTPG, several claims of the '138 patent had not been invalidated. And, as the Court has ruled, the products on which Blackboard marked the patent embodied those claims. It follows that the products were not "unpatented" within the meaning of section 292(a). Neither the fact that the validity of remaining claims had been questioned, nor the fact that those claims later were invalidated or cancelled, changes this. Nothing in section 292(a) requires a patent holder to anticipate a potential invalidation of its patent that has not yet occurred; no authority suggests otherwise.

For those reasons, the Court concludes that NTPG has failed to state a claim against Blackboard.

## II.   NTPG's request for leave to amend

NTPG asserts, and Blackboard does not dispute, that five days after NTPG filed its first amended complaint on November 4, 2010, the PTO issued a certificate cancelling all forty-four claims of the '138 patent. In its filing in opposition to the motion to dismiss, NTPG asserts that Blackboard continued to falsely mark its product lines, including on its website, after the PTO's November 9, 2010 decision. NTPG contends that the Court should construe the first amended complaint to encompass this conduct or, in the alternative, grant NTPG leave to amend its complaint. Blackboard opposes both requests.

The Court rejects NTPG's suggestion that the first amended complaint encompasses any conduct by Blackboard following the PTO's November 9, 2010 action. NTPG points to its allegation that, "[d]espite the fact that NTPG has filed suit against Blackboard for false marking, Blackboard continued and continues to mark its

products and advertise with the '138 patent following the date of NTPG's original complaint." First Am. Compl. ¶ 45. That allegation, however, does not encompass conduct that postdates the filing of the first amended complaint. The Court defers ruling on NTPG's request for leave to amend its complaint pending the filing of a motion for leave to amend. If NTPG seeks to amend its complaint to allege false marking after November 9, 2010, it goes without saying that the requirements of Federal Rule of Civil Procedure 11(b) apply to any such allegation.

## Conclusion

For the reasons stated above, the Court grants Blackboard's motion to dismiss plaintiff's first amended complaint [docket no. 18]. The Court will convert the dismissal to a final judgment on the merits unless NTPG presents for hearing, on or before May 24, 2011, a motion for leave to amend including a proposed second amended complaint that states at least one legally viable claim. The case is set for a status hearing on May 24, 2011 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: May 9, 2011
(corrected version
issued May 10, 2011)